```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN MECCA, DEBORAH RAE LAMB,

                    Plaintiffs,

        -against-
                                            MEMORANDUM AND ORDER
                                            06-CV-3492(JS)(WDW)

THE UNITED STATES GOVERNMENT, and all
its entities Federal, State, Local
and including all direct or indirect
government liaisons,

                    Defendants.
----------------------------------X
Appearances:

For Plaintiffs:           John Mecca, pro se
                          Deborah Rae Lamb, pro se
                          119 Whittier Drive
                          Kings Park, New York 11754

For Defendants:           Diane C. Leonardo-Beckmann, Esq.
                          United States Attorneys' Office
                          610 Federal Plaza
                          Central Islip, New York 11722
```

SEYBERT, District Judge:

Pending before the Court is pro se Plaintiffs' 112-page Complaint filed on July 17, 2006. For the reasons below, the Court dismisses the Complaint with prejudice.

## **BACKGROUND**

To the best that this Court can parse from Plaintiffs' unclear Complaint, the Plaintiffs allege that the Defendants assault them on a daily basis and deprive them of certain rights. Some offenses Plaintiffs complain of are invasion of privacy, fraud, torture, and "premeditated attempted murder." (Complaint

("Compl.") ¶ 1.) The Complaint is rift with legal jargon and legalese. In several of the paragraphs of the Complaint, Plaintiffs sets forth a litany of accusations against the Defendants without factual support.

In the opening paragraphs of the Complaint entitled the "Nature of Action," Plaintiffs state

> The "Federal Issues" before this Court are that Defendant has committed various offenses against Plaintiffs, those offences being invasion of privacy, FOIA APPEALS, criminally negligent omission, fraud, deprivation of rights, criminal conspiracy, torture, virtual kidnapping, human experimentation without consent, assault, premeditated attempted murder. Proven by evidence of deadly electric current, impossible to occur naturally and continually occurring in Plaintiffs bodies; where the detection and effect of the energy is by IEEE and Center for Disease Control standards.

(Compl. at 1.)

In another paragraph of the Complaint, Plaintiffs state

> Defendants are guilty of keeping aide from reaching Plaintiffs. The following is proven prima facie evidence of Defendants having an "exclusive capability politically" in that no other entity could effect containment so completely, in keeping officials from investigating Plaintiff's complaints . . . . Such power and authority of Defendants is borne of officially conducted fraud where the issues as a whole are weighed in accordance with the true meaning and spirit of the legislation breeched; where various Defendants as the issue here is stated acted on behest of official Defendant policy, "Title 18, U.S.C., Section 1001 Fraud and False Statements." Such comprehensive fraud Defendant has officially perpetrated precludes Defendant from invoking immunity under the Federal Tort Claims Act ("FTCA") or the "Tucker Act" absolving Plaintiffs from having to satisfy the procedural requirements of both; as such requirements cannot exist where Defendants fraud is the basis for all actionable causes of complaint by Plaintiffs of conspiracy to "commit fraud under and by

>official authority". Upon a foundation of fraud what can be lawful thereafter.

(Compl. at 51.)

Plaintiffs seek injunctive relief and monetary damages. (Compl. 111-12.)

## DISCUSSION

Because Plaintiffs proceed pro se, the Court reads the Complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in favor of a plaintiff the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). However, the Court may dismiss a claim if the Court finds it is based on "indisputably meritless legal theory." Id.

District courts may dismiss a frivolous complaint sua sponte pursuant to Rule 12(b)(6) where the claims are found to be fantastic and delusional. See Tyler v. Carter, 92-CV-8658, 1993 U.S. Dist. LEXIS 15735 (S.D.N.Y. Nov. 5, 1993) (dismissing fee-paid complaint wherein plaintiff alleged that defendants, including Jimmy Carter, Bill Clinton and Ross Perot, were responsible for

3

murdering 10 million black women and selling their bodies for meat and leather products), aff'd without opinion, 41 F.3d 1500 (2d Cir. 1994).

The in forma pauperis statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the latter class . . . are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327-29, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33. The Second Circuit has adopted this analysis even when the plaintiff is not a prisoner or has paid the required filing fee. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (noting that "district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

As an initial matter, the Court notes that the Complaint does not name any specific Defendants. The listed Defendants in

4

the caption of the Complaint are "The United States Government and all its entities Federal, State, Local and including all direct and indirect government liaisons." (Compl. at 1.) Whether these entities can be sued is questionable. Moreover, this Court finds that the Complaint is replete with fantastic and delusional scenarios. This warrants dismissal of the Complaint with prejudice. See Fitzgerald, 221 F.3d at 363; Tyler, 1993 U.S. Dist. LEXIS 15735, at *540 ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense.").

## **CONCLUSION**

For all of the reasons stated herein, the Complaint is DISMISSED with prejudice. The Clerk of the Court is ordered to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       October 4, 2006